UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JESUS BAEZ,                    )    CASE NO. 4:05 CV 2838
                              )
          Plaintiff,          )    JUDGE PETER C. ECONOMUS
                              )
          v.                  )
                              )    MEMORANDUM OF OPINION
MARK A. BEZY, et al.,         )    AND ORDER
                              )
          Defendants.         )


          On December 8, 2006, plaintiff pro se Jesus Baez, an inmate at the Federal Correctional Institution at Elkton, filed this civil rights action against Mark A. Bezy, T.R Sniezek, H. Eister, Prison Industries, S. Saulsbury, Ms. Williams, Dr. Azam, Frances Szpytko, and D. Scott Dodrill.  For the reasons stated below, this action is dismissed.

          The complaint alleges plaintiff was fired from his Unicore job at the instigation of Warden Bezy, and shortly thereafter got a job in the prison's recreation department.  It is further alleged that a Unicore supervisor harassed plaintiff because plaintiff has HIV infection, and that this and conduct by other defendants resulted in other inmates finding out about plaintiff's condition.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998), <u>cert.</u> <u>denied</u>, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. <u>Knuckles-El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. <u>See</u> <u>Curry v. Scott</u>, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes only

---

[1]    <u>See also</u>, <u>Lyons-Bey v. Curtis</u>, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); <u>Fuller v. Calvin</u>, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); <u>Vandiver v. Martin</u>, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

general statements of exhaustion in his pleadings which are not sufficient to satisfy the mandates of § 1997e. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Plaintiff has not satisfied that burden.

Further, while the complaint suggests he completed the grievance process for at least some of his claims, there is no indication that he submitted grievances and exhausted his administrative remedies for each claim against each defendant named herein. The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Plaintiff has not demonstrated that he filed grievances for each claim against each defendant, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. § 1997e. Further, the court certifies

3

pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


S/Peter C. Economus - 2/9/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE